PER CURIAM.
By order dated February 12, 1973, this cause was continued until the adjournment of the 1973 Legislature. We anticipated that the 1973 Legislature, pursuant to the Florida Supreme Court’s mandate in Dade County Class. Teach. Ass’n, Inc. v. Legislature, 269 So.2d 684 (Fla.1972), would fulfill the constitutional requirements of Article I, Section 6 of the Florida Constitution, F.S.A. The 1973 Legislature adjourned without fulfilling this responsibility. The Supreme Court of the State of Florida is currently in the process of promulgating guidelines to fulfill the constitutional mandate of Article I, Section 6, as it refers to collective bargaining.
Counsel for appellee has graciously, in fulfilling his responsibility to promote justice, brought to our attention the recent Florida Supreme Court decision in Cannery, C.D., W. & A. Emp. v. Winter Haven Hosp., Inc., 279 So.2d 23 (Fla.1973). The Florida Supreme Court in Cannery, supra, held that the union has standing to represent its members in collective bargaining negotiations. This decision disposes of the sole issue which is pending before this Court in the instant cause, i. e., the appellant-union’s standing to represent, promote *92 and defend the interests of its members in negotiations with appellee.
Accordingly, the judgment appealed is reversed.
RAWLS, C. J., and JOHNSON and SPECTOR, JJ., concur.